Sabato Torres v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand twenty-two.**

**PRESENT:**

>**PIERRE N. LEVAL,**
>**REENA RAGGI,**
>**MYRNA PÉREZ,**
>>*Circuit Judges.*

_____

**Sabato Torres,**

>*Plaintiff-Appellant*,

>v.                                                              No. 21-1679

**New York City Department of Education,**

>*Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | THOMAS RICOTTA, Ricotta & Marks, P.C., Long Island City, NY. |
| **FOR DEFENDANT-APPELLEE:** | KATE FLETCHER (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on June 8, 2021, is **AFFIRMED**.

Plaintiff Sabato Torres appeals from a grant of summary judgment in favor of his employer, the New York City Department of Education ("DOE"), in a case brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. As explained below, Torres has entirely failed to advance any evidence or argument sufficient to sustain a claim past this step. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

**Standard of Review**

This Court reviews a district court's award of summary judgment de novo. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). Summary judgment is warranted only where, construing the evidence in the light most favorable to the non-movant, and drawing all reasonable inferences in that party's favor, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and an issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (internal quotation marks and citation omitted).

"A plaintiff who raises a disability discrimination claim bears the initial burden of establishing a prima facie case." *Wernick v. Fed. Rsrv. Bank of N.Y.*, 91 F.3d 379, 383 (2d Cir.

1996). For Torres to carry this burden on his claim that DOE failed to accommodate his disability, he had to adduce evidence admitting an inference that: (1) he is "a person with a disability under the meaning of the ADA"; (2) DOE "had notice of his disability"; (3) "with reasonable accommodation, [Torres] could perform the essential functions of the job at issue"; and (4) DOE "refused to make such accommodations." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006) (quoting *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004)). Here, our inquiry concerns the third and fourth factors.[1]

This Court uses "a two-step process to evaluate whether the failure to provide a proposed accommodation constitutes a violation of the ADA." *Jackan v. N.Y. State Dep't of Lab.*, 205 F.3d 562, 566 (2d Cir. 2000). At the first step, Torres "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [him] to perform the essential functions of [his] employment, including the existence of a vacant position for which [he] is qualified." *McBride*, 583 F.3d at 97. At the second step, we consider whether Torres's proposed accommodation is reasonable, *see Jackan*, 205 F.3d at 566, *i.e.*, whether it would enable him "to perform the essential functions of" his position as a teacher, 29 C.F.R. §§ 1630.2(o)(1)(ii). A reasonable accommodation may include "reassignment to a vacant position." 42 U.S.C. § 12111(9)(B); *see also* 29 C.F.R. § 1630.2(o)(2)(ii). At this step, "the plaintiff bears only a burden of production," which is not "heavy." *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Cir. 1995). But an employer need not grant a facially unreasonable accommodation. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002).

---

[1] We assume, without deciding, that Torres was disabled within the meaning of the ADA at the relevant times. And there is no dispute that DOE had notice of Torres's claimed disability.

**Discussion**

1.  August 2016 Transfer Request

In August 2016, DOE twice granted Torres precisely the relief that he requested: first, a hardship transfer, and then, a restoration-of-health leave for the duration of the 2016–17 school year. There is no question that the hardship transfer constituted a reasonable accommodation. *See* 42 U.S.C. § 12111(9)(B).[2] Torres, however, elected to take the leave rather than to effectuate the transfer.

Torres faults DOE for forcing him to choose between two accommodations rather than allowing him to take leave while also effecting his transfer. The record does not support this characterization. While DOE did not effect Torres's transfer while he was on leave, it did not foreclose the possibility of a transfer if Torres returned to work nor force him to return to P.S. 295Q. Rather, DOE required Torres to reapply for a transfer closer to his return date. It was not then certain that Torres would return for the 2017–18 school year. Indeed, Torres ultimately remained on restoration-of-health leave until February 2018. Under those circumstances, no reasonable factfinder could conclude that DOE's reasonable accommodation obligation required it to hold open Torres's approved transfer for at least the one-year leave period he requested. *See Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 181 (2d Cir. 2016) (construing New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq.)*; see also Graves*, 457 F.3d at 186 n.6.

2.  April 2017 Transfer Request

Torres erroneously contends that he satisfied his burden of production and persuasion. To

---

[2] We do not decide whether a school-year-long unpaid leave of absence can constitute a reasonable accommodation under the ADA. This Court has not squarely articulated when, if ever, a leave of absence for a finite period might qualify as a reasonable accommodation, but we have noted that the idea of unpaid leave is a "troublesome problem," in part because of the "oxymoronic anomaly it harbors—the idea that allowing disabled employee to leave a job allows him to perform that job's functions." *Graves*, 457 F.3d at 185 n.5 (internal quotation marks and citation omitted).

4

demonstrate the existence of a vacant position in April 2017, Torres offers only: (1) his counsel's conclusory statement that there are "virtually always" open teaching positions within DOE, and (2) the urged inference that because there was a position available in August 2016, there was also a position available in April 2017.

The first assertion is formulaic and speculative, which is insufficient to defeat summary judgment. *See McBride*, 583 F.3d at 97–98 (holding that "[a]n ADA plaintiff does not satisfy her burden to identify a potential accommodation merely by reciting the formula that her employer could have reassigned her"); *Jackan*, 205 F.3d at 566 ("The burden of persuasion on the existence of an effective accommodation is not satisfied by mere speculation." (internal quotation marks omitted)). The second claim is also unavailing because a plaintiff must demonstrate the existence of an available position "within a reasonable amount of time" of his request. *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 104 (2d Cir. 2003). The availability of a position in August 2016 is not a reasonable indicator of a vacant position eight months later at an entirely different point in the school year.

3. Interactive Process

Nor does Torres succeed on his claim of failure to accommodate by failing to engage in an interactive process. Torres contends that DOE's failure to engage in an interactive process when he sought both transfers also violated the ADA. Though "[t]he ADA envisions an interactive process by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated," *Jackan,* 205 F.3d at 566 (internal quotation marks omitted), an employer's failure to comply with the interactive process requirement does not provide the basis for an independent ADA claim. *See Noll*, 787 F.3d at 98; *Williams v. MTA Bus*

5

*Co.*, 44 F.4th 115, 136 (2d Cir. 2022).

   We have considered all of Torres's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court